HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT BAILEY ANDERSON, | CASE NO. 2:25-cv-00834-RAJ |
| Plaintiff, | ORDER |
| v. | |
| STEVE RAIBLE and KIRO 7 NEWS, | |
| Defendants. | |

## I. INTRODUCTION

THIS MATTER comes before the Court on *pro se* Plaintiff Scott Bailey Anderson ("Plaintiff")'s Motion for Service by the United States Marshals Service ("USMS"). Dkt. # 10. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion and **DISMISSES** his Complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915. Dkt. # 5.

## II. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983, a statute allowing individuals to sue *state or local government officials* for violating their constitutional rights. *See* 42

ORDER - 1

U.S.C. § 1983 (emphasis added). Specifically, Plaintiff alleges that Defendants falsely claimed he was a career criminal. Dkt. # 5 at 5. The remaining portions of Plaintiff's Complaint consist of his describing past career accolades and outlining the elements of a claim for libel. *Id.* at 7–10. Plaintiff asks the Court for relief in the amount of $5,000,000 and "formal on-air retraction," although he provides nothing in his exhibits showing Defendants referring to him as a "career criminal." Dkt. ## 5, 5-1.

In the instant Motion, which is difficult for the Court to discern, Plaintiff states law enforcement "illegal arrested" him following a domestic violence situation with his roommate. Dkt. # 10 at 1. He proceeds to make references to current events, such as the trial of Sean Combs, although it is not clear what he is trying to explain. *Id.* at 2. Because Plaintiff is now residing at a psychiatric hospital, he asks for service upon Defendants by the USMS. *Id*. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 1. On May 8, 2025, the Honorable Michelle L. Peterson granted the application, but she did not make any assessments about the merits of the case. Dkt. # 4.

### III.  LEGAL STANDARD

**A.    Inherent Authority to Dismiss an Action**

A court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The court is required to dismiss an *in forma pauperis* plaintiff's case if it determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 2:14-cv-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

**B.     Motion for Service**

"Federal Rule of Civil Procedure 4(e)(1) authorizes litigants in federal court to effect service of a summons and complaint in any manner provided by the law of the state in which the court sits." *Gancarz v. Capito*, No. 2:23-cv-1113-RAJ, 2024 WL 4170933, at *1 (W.D. Wash. Sept. 12, 2024); *see also* Fed R. Civ. P. 4(e)(1). A party requesting alternative service must "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). When seeking alternative service, "[r]easonable diligence requires the plaintiff to make honest and reasonable efforts to locate the defendant." *Wright v. B & L Props., Inc.*, 113 Wn. App. 450, 458, 53 P.3d 1041 (2002). Any alternative service must comport with due process such that it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

### IV.  DISCUSSION

The Court summarily dismisses Plaintiff's Complaint without prejudice and denies his Motion as moot. The second factor elucidated in *Lopez*, *supra*, permits a court to dismiss an *in forma pauperis* plaintiff's case if it determines that the action fails to state a claim upon which relief may be granted. Plaintiff brings this action under 42 U.S.C. § 1983, but the individual defendants are a journalist and a news agency. These parties do not qualify as state or local government officials under the statute. Accordingly, Plaintiff employs a procedural vehicle that does not apply to his case, making his Complaint insufficiently pleaded.

Because the Court dismisses the Complaint without prejudice, the Motion is denied as moot. However, the Motion lacks merit nonetheless. Plaintiff has failed to "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *See Rio Props, Inc.*, 284 F.3d at 1016. Specifically, Plaintiff does not indicate why his current stay at Western State Hospital prevents him from effectuating service on Defendants by standard methods and requires intervention by the USMS.

### V.  CONCLUSION

Based on the foregoing reasons, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Dkt. # 5. Additionally, his Motion for Service is **DENIED AS MOOT**. Dkt # 10. Plaintiff may file an amended complaint within **twenty-one (21) days** of this Order. Any amended complaint shall include a short and plain statement concerning: (1) the grounds for the Court's jurisdiction; (2) a showing that Plaintiff is entitled to relief; and (3) a demand for the specific relief sought. If Plaintiff fails to

comply timely with this Order and does not correct the deficiencies noted above, the Court will dismiss this action with prejudice.

Dated this 15th day of July, 2025.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 5